IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DUKE PARTNERS II, LLC,

    Plaintiff,

  v.

ARNOLDO G. CASILLAS and
IRMA V. JASSO,

    Defendants.

No. C 17-00936 WHA

**ORDER GRANTING MOTION TO REMAND REMOVED ACTION**

        In October 2016 plaintiff Duke Partners II, LLC, purchased the subject property located in Alameda County at a foreclosure sale pursuant to California Civil Code Section 2924 (Dkt. No. 1 at 2). On November 7, 2016, plaintiff served a notice to quit on pro se defendants Arnoldo Casillas and Irma Jasso, informing them that the property was sold and requiring them to vacate the property within three days, which defendants failed to do (*ibid.*). Plaintiff then filed an action for an unlawful detainer pursuant to California Civil Code Section 1161(a) in the Alameda County Superior Court (*id.* at 8).

        In February 2017, defendants removed the action from Alameda County Superior Court to federal court (*id.* at 1–3). Defendants removed the action on the ground that plaintiff's claim under California Civil Code Section 1161(a)(3) presented a federal question (Dkt. No. 1 at 1–3). In March 2017, plaintiff moved to remand, citing a lack of any federal question (Dkt. No. 6). After defendants failed to respond to plaintiff's motion to remand, an order to show cause

directed defendants to explain in writing why plaintiff's motion to remand should not be granted (Dkt. No. 14). In defendants' reply to the order to show cause, defendants opposed plaintiff's motion to remand on the sole ground that the instant action involved a federal question (Dkt. No. 16). A hearing on the motion to remand was held on May 11, 2017. Defendants did not appear.

This order holds that defendants' removal of this action was improper because no federal subject-matter jurisdiction ever existed. A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1141(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. Here, defendants assert, and thus have the burden of showing, that the action arises under federal law pursuant to Title 28 of the United States Code Section 1331. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal question jurisdiction under Section 1331 exists in "cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–29 (1983). Our court of appeals has stated that:

> removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an initial pleading that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is not removable at that stage.

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Here, the complaint refers only to California Code of Civil Procedure Section 1161(a) for an unlawful detainer action. An unlawful detainer action arises purely under state law and therefore cannot provide grounds for removal. *See Wasniowski v. Davila,* No. C 16-03251 WHA, 2016 WL 3709556, at *2 (N.D. Cal. July, 13, 2016) (Judge William Alsup). Federal law therefore does not create

1  plaintiff's unlawful detainer cause of action, nor does plaintiff's right to the relief it requests
2  "necessarily depend on resolution of a substantial question of federal law." *Franchise Tax Bd.*,
3  463 U.S. at 27–28.

4  Defendants contend that a federal question exists as to whether defendants' due process
5  rights were violated "because [Section 1161(a)] prohibits [defendants] from bringing forth a
6  challenge to [the] validity of the foreclosure [on their property]" (Dkt. No. 16 at 3).  The
7  decisions cited, however, merely defined due process as requiring that a defendant be given
8  notice of claims brought against him and the opportunity to defend himself against said claims
9  (Dkt. No. 1 at 2– 3 (citing *American Surety Co. v. Baldwin*, 287 U.S. 156, 168 (1932); *Nickey v.
10 Mississippi*, 292 U.S. 393, 396 (1934); *McCarthy v. Darman*, 372 Fd. App'x 346, 350 (3rd Cir.
11 2010)).  An affirmative defense or counterclaim based on an alleged constitutional due process
12 violation would not confer federal question jurisdiction.  *See Holmes Group, Inc. v. Vornado Air
13 Circulation Sys., Inc.*, 535 U.S. 826, 830–31 (2002) (holding whether a case arises under federal
14 law does not depend upon matters raised in the answer or in counterclaims).  For the foregoing
15 reasons, plaintiff's motion to remand to the Alameda County Superior Court is **GRANTED**.

**IT IS SO ORDERED.**

Dated: May 11, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE